MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
CAROL MERLOS MELARA and
CHRISTOPHER CASTILLO, *individually and
on behalf of others similarly situated,*

                                    *Plaintiffs*,

            -against-

ATMOSPHERE DISCOUNT SHOES CORP.
(D/B/A ARMOSPHERE DISCOUNT
SHOES), BRONX FOOT FASHION INC.
(D/B/A ATMOSPHERE DISCOUNT SHOES),
GRAHAM SHOE CORP. (D/B/A
ATMOSPHERE DISCOUNT SHOES), IT'S
YOUR OPTION, CORP. (D/B/A
ATMOSPHERE DISCOUNT SHOES),
JEFFREY D. IMPORTS INC. (D/B/A
ATMOSPHERE DISCOUNT SHOES),
LADIES SHOES CORP. (D/B/A
ARMOSPHERE DISCOUNT SHOES),
TIMES SQUARE SHOES CORP. (D/B/A
ARMOSPHERE DISCOUNT SHOES), $5
SHOE WAREHOUSE INC. (D/B/A
ATMOSPHERE DISCOUNT SHOES), FIVE
DOLLAR SHOE FACTORY CORP. (D/B/A
ATMOSPHERE DISCOUNT SHOES),
ABRAHAM HAKIM, and JEFFREY
DEUTSCH,

                                    *Defendants.*
-------------------------------------------------------X

**COMPLAINT**


**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**


**ECF Case**

        Plaintiffs Carol Merlos Melara and Christopher Castillo, individually and on behalf of

others similarly situated (collectively, "Plaintiffs"), by and through their attorneys, Michael

Faillace & Associates, P.C., upon their knowledge and belief, and as against Atmosphere Discount Shoes Corp. (d/b/a Atmosphere Discount Shoes), Bronx Foot Fashion Inc. (d/b/a Atmosphere Discount Shoes), Graham Shoe Corp. (d/b/a Atmosphere Discount Shoes), It's Your Option, Corp. (d/b/a Atmosphere Discount Shoes), Jeffrey D. Imports Inc. (d/b/a Atmosphere Discount Shoes), Ladies Shoes Corp. (d/b/a Atmosphere Discount Shoes), Times Square Shoes Corp. (d/b/a Atmosphere Discount Shoes), $5 Shoe Warehouse Inc. (d/b/a Atmosphere Discount Shoes), Five Dollar Shoe Factory Corp. (d/b/a Atmosphere Discount Shoes), ("Defendant Corporations"), Abraham Hakim and  Jeffrey Deutsch, ("Individual Defendants"), (collectively, "Defendants"), allege as follows:

## NATURE OF ACTION

1.     Plaintiffs are former employees of Defendants Atmosphere Discount Shoes Corp. (d/b/a Atmosphere Discount Shoes), Bronx Foot Fashion Inc. (d/b/a Atmosphere Discount Shoes), Graham Shoe Corp. (d/b/a Atmosphere Discount Shoes), It's Your Option, Corp. (d/b/a Atmosphere Discount Shoes), Jeffrey D. Imports Inc. (d/b/a Atmosphere Discount Shoes), Ladies Shoes Corp. (d/b/a Atmosphere Discount Shoes), Times Square Shoes Corp. (d/b/a Atmosphere Discount Shoes), $5 Shoe Warehouse Inc. (d/b/a Atmosphere Discount Shoes), Five Dollar Shoe Factory Corp. (d/b/a Atmosphere Discount Shoes), Abraham Hakim, and Jeffrey Deutsch.

2.     Defendants own, operate, or control several shoe retail stores, some of which are located at 2015 Coney Island Ave. Ste. 2R, Brooklyn, NY 11223 (the "Coney Island" location), 53 Quentin Road, Brooklyn, NY 11223 (the "Quentin Road" location), 1620 Kings Hwy, Brooklyn, NY 11229 (the "Kings Highway" location), 384 Knickerbocker Ave., Brooklyn, NY 11237 (the "Knickerbocker" location) and 494 Fulton St, Brooklyn, NY 11201 (the "Fulton Street" location) under the name "Atmosphere Discount Shoes."

3.     Upon information and belief, individual Defendants Abraham Hakim and Jeffrey Deutsch, serve or served as owners, managers, principals, or agents of Defendant Corporations and, through these corporate entities, operate or operated the distribution center as a joint or unified enterprise.

4.     Plaintiffs were employees of Defendants.

5.     Plaintiffs were employed as a general assistant, a retail assistant an an assistant manager at the shoe stores.

6.     At all times relevant to this Complaint, Plaintiffs worked for Defendants in excess of 40 hours per week, without appropriate overtime compensation for the hours that they worked.

7.     Rather, Defendants failed to maintain accurate recordkeeping of the hours worked, failed to pay Plaintiffs appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

8.     Furthermore, Defendants repeatedly failed to pay Plaintiffs wages on a timely basis.

9.     Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees.

10.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs and other employees to work in excess of forty (40) hours per week without providing the overtime compensation required by federal and state law and regulations.

11.    Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 et seq. and 650 et seq. (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

12. Plaintiffs seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

14. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate several shoe retail stores located in this district. Further, Plaintiffs were employed by Defendants in this district.

## PARTIES

*Plaintiffs*

15. Plaintiff Carol Merlos Melara ("Plaintiff Merlos" or "Ms. Merlos") is an adult individual residing in Kings County, New York. Plaintiff Merlos was employed by Defendants at Atmosphere Discount Shoes from approximately 2008 until on or about 2010 and then from approximately June 2013 until on or about April 30, 2018.

16. Plaintiff Christopher Castillo ("Plaintiff Castillo" or "Mr. Castillo") is an adult individual residing in Kings County, New York. Plaintiff Castillo was employed by Defendants at Atmosphere Discount Shoes from approximately August 2014 until on or about September 2014 and then from approximately July 2016 until on or about January 15, 2017.

*Defendants*

17.    At all relevant times, Defendants own, operate, or control several shoe retail stores, located at 2015 Coney Island Ave. Ste. 2R, Brooklyn, NY 11223, 53 Quentin Road, Brooklyn, NY 11223, 1620 Kings Hwy, Brooklyn, NY 11229, 384 Knickerbocker Ave., Brooklyn, NY 11237 and 494 Fulton St, Brooklyn, NY 11201 under the name "Atmosphere Discount Shoes."

18.    Upon information and belief, Atmosphere Discount Shoes Corp. (d/b/a Atmosphere Discount Shoes) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 2015 Coney Island Ave. Ste. 2R, Brooklyn, NY 11223.

19.    Upon information and belief, Bronx Foot Fashion Inc. (d/b/a Atmosphere Discount Shoes) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 53 Quentin Road, Brooklyn, NY 11223.

20.    Upon information and belief, Graham Shoe Corp. (d/b/a Atmosphere Discount Shoes) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 2015 Coney Island Ave. Ste. 2R, Brooklyn, NY 11223.

21.    Upon information and belief, It's Your Option, Corp. (d/b/a Atmosphere Discount Shoes) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 1620 Kings Hwy, Brooklyn, NY 11229.

22.    Upon information and belief, Jeffrey D. Imports Inc. (d/b/a Atmosphere Discount Shoes) is a domestic corporation organized and existing under the laws of the State of New York.

Upon information and belief, it maintains its principal place of business at 53 Quentin Road, Brooklyn, NY 11223.

23.    Upon information and belief, Ladies Shoes Corp. (d/b/a Atmosphere Discount Shoes) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 2015 Coney Island Ave. Ste. 2R, Brooklyn, NY 11223.

24.    Upon information and belief, Times Square Shoes Corp. (d/b/a Atmosphere Discount Shoes) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 2015 Coney Island Ave. Ste. 2R, Brooklyn, NY 11223.

25.    Upon information and belief, $5 Shoe Warehouse Inc. (d/b/a Atmosphere Discount Shoes) is a domestic corporation organized and existing under the laws of the State of New Jersey. Upon information and belief, it maintains its principal place of business at 384 Knickerbocker Ave., Brooklyn, NY 11237.

26.    Upon information and belief, Five Dollar Shoe Factory Corp. (d/b/a Atmosphere Discount Shoes) is a domestic corporation organized and existing under the laws of the State of New Jersey. Upon information and belief, it maintains its principal place of business at 494 Fulton St, Brooklyn, NY 11201.

27.    Defendant Abraham Hakim is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Abraham Hakim is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Abraham Hakim possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He

determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

28.   Defendant Jeffrey Deutsch is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Jeffrey Deutsch is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Jeffrey Deutsch possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

29.   Defendants operate several shoe retail stores located in multiple neighborhoods of Brooklyn in New York City.

30.   Individual Defendants, Abraham Hakim and Jeffrey Deutsch, possess operational control over Defendant Corporations, possess ownership interests in Defendant Corporations, and control significant functions of Defendant Corporations.

31.   Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

32.   Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the

employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

33.   Defendants jointly employed Plaintiffs (and all similarly situated employees) and are Plaintiffs' (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

34.   In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

35.   Upon information and belief, Individual Defendants Abraham Hakim and Jeffrey Deutsch operate Defendant Corporations as either alter egos of themselves and/or fail to operate Defendant Corporations as entities legally separate and apart from themselves, by among other things:

a)   failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

b)   defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c)   transferring assets and debts freely as between all Defendants,

d)   operating Defendant Corporations for their own benefit as the sole or majority shareholders,

e)   operating Defendant Corporations for their own benefit and maintaining control over these corporations as closed Corporations,

f)   intermingling assets and debts of their own with Defendant Corporations,

g) diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect their own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

36.    At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiffs' services.

37.    Upon information and belief, in each year from 2012 to 2018, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

38.    In addition, both plaintiffs engaged in interstate commerce by processing credit card charges whenever customers paid for shoes with credit cards.

39.    Upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the shoe stores on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiffs*

40.    Plaintiffs are former employees of Defendants who were employed as a general assistant, a retail assistant and an assistant manager.

41.    Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Carol Merlos Melara*

42.    Plaintiff Merlos was employed by Defendants from approximately 2008 until on or about 2010 and then from approximately June 2013 until on or about April 30, 2018.

43.     Defendants employed Plaintiff Merlos as a general assistant.

44.     Plaintiff Merlos regularly handled goods in interstate commerce, such as shoes and other supplies produced outside the State of New York.

45.     Plaintiff Merlos's work duties required neither discretion nor independent judgment.

46.     Throughout her employment with Defendants, Plaintiff Merlos regularly worked in excess of 40 hours per week.

47.     From approximately June 2017 until on or about March 2018, Plaintiff Merlos worked as a general assistant at the Knickerbocker location from approximately 10:00 a.m. until on or about 8:00 p.m., 3 days a week and from approximately 10:00 a.m. until on or about 7:00 p.m., 3 days a week (typically 57 hours per week).

48.     Throughout her employment, Defendants paid Plaintiff Merlos her wages by check.

49.     From approximately June 2017 until on or about December 2017, Defendants paid Plaintiff Merlos $11.00 per hour, but only for 40 hours.

50.     From approximately January 2018 until on or about March 2018, Defendants paid Plaintiff Merlos $13.00 per hour, but only for 40 hours.

51.     During her last week of employment, Defendants did not pay Plaintiff Merlos any wages for her work.

52.     Defendants never granted Plaintiff Merlos any breaks or meal periods of any kind.

53.     Defendants did not provide Plaintiff Merlos an accurate statement of wages, as required by NYLL 195(3).

54.     In fact, Defendants adjusted Plaintiff Merlos's paystubs so that they reflected inaccurate wages and hours worked.

55.     Defendants did not give any notice to Plaintiff Merlos, in English and in Spanish (Plaintiff Merlos's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Plaintiff Christopher Castillo*

56.     Plaintiff Castillo was employed by Defendants from approximately August 2014 until on or about September 2014 and then from approximately July 2016 until on or about January 15, 2017.

57.     Defendants employed Plaintiff Castillo as a retail assistant and then assistant manager.

58.     Plaintiff Castillo regularly handled goods in interstate commerce, such as distribution center and other supplies produced outside the State of New York.

59.     Plaintiff Castillo's work duties required neither discretion nor independent judgment.

60.     From approximately August 2014 until on or about September 2014, Plaintiff Castillo worked as a retail assistant at the Kings Highway location from approximately 1:00 p.m. until on or about 8:00 p.m., Thursdays through Saturdays (typically 21 hours per week).

61.     From approximately July 2016 until on or about January 15, 2017, Plaintiff Castillo worked as an assistant manager at the Knickerbocker location from approximately 10:00 a.m. until on or about 7:00 p.m., Sundays to Wednesdays and from approximately 10:00 a.m. until on or about 8:00 p.m., Thursdays through Saturdays (typically 46 to 48 hours per week).

62.     From approximately August 2014 until on or about September 2014, Defendants paid Plaintiff Castillo his wages in cash.

63.     From approximately July 2016 until on or about January 15, 2017, Defendants paid Plaintiff Castillo his wages by check.

64.    From approximately August 2014 until on or about September 2014, Defendants paid Plaintiff Castillo $8.25 per hour.

65.    From approximately July 2016 until on or about December 2016, Defendants paid Plaintiff Castillo $9.00 per hour, but only for 40 hours.

66.    From approximately January 1, 2017 until on or about January 15, 2017, Defendants paid Plaintiff Castillo $11.00 per hour, but only for only 40 hours.

67.    Although Plaintiff Castillo was required to keep track of his time, Defendants required him to record fewer hours than he actually worked. As a result, Plaintiff Castillo was not compensated for all of the hours that he worked.

68.    Defendants did not provide Plaintiff Castillo an accurate statement of wages, as required by NYLL 195(3).

69.    Defendants did not give any notice to Plaintiff Castillo of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

70.    Defendants required Plaintiff Castillo to purchase "tools of the trade" with his own funds—including Holidays decorations.

*Defendants' General Employment Practices*

71.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs (and all similarly situated employees) to work in excess of 40 hours a week without paying them appropriate overtime compensation as required by federal and state laws.

72.    Plaintiffs were victims of Defendants' common policy and practices which violate their rights under the FLSA and New York Labor Law by, *inter alia*, not paying them the wages they were owed for the hours they worked...

73.   Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

74.   Defendants' time keeping system did not reflect the actual hours that Plaintiffs worked.

75.   Plaintiffs were paid their wages in cash and by check.

76.   Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs properly for their full hours worked.

77.   Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

78.   Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiffs and other similarly situated former workers.

79.   Defendants failed to provide Plaintiffs  and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

80.     Defendants failed to provide Plaintiffs  and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

81.     Plaintiffs bring their FLSA overtime compensation and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

82.     At all relevant times, Plaintiffs and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA and willfully failing to keep records required by the FLSA.

83.     The claims of Plaintiffs stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

84.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

85.    At all times relevant to this action, Defendants were Plaintiff s' employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiffs (and the FLSA Class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

86.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

87.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203 (r-s).

88.    Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiffs (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

89.    Defendants' failure to pay Plaintiffs (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

90.    Plaintiffs (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS

## OF THE NEW YORK STATE LABOR LAW

91.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

92.    At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiffs, controlled their terms and conditions of employment, and determined the rates and methods of any compensation in exchange for their employment.

93.    Defendants, in violation of N.Y. Lab. Law § 190 et seq., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

94.    Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

95.    Plaintiffs were damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING

### REQUIREMENTS OF THE NEW YORK LABOR LAW

96.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

97.    Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

98.   Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

99.   Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

100.   With each payment of wages, Defendants failed to provide Plaintiffs with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

101.   Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## FIFTH CAUSE OF ACTION

### RECOVERY OF EQUIPMENT COSTS

102.   Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

103.   Defendants required Plaintiffs to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform their jobs, further reducing their wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

104.   Plaintiffs were damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE TIMELY PAYMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

105.   Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

106.   Defendants did not pay Plaintiffs on a regular weekly basis, in violation of NYLL §191.

107.   Defendants are liable to each Plaintiff in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants by:

(a)   Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)   Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA Class members;

(c)   Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(d)   Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiffs and the FLSA Class members;

(e)     Awarding Plaintiffs and the FLSA Class members damages for the amount of unpaid overtime compensation and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f)     Awarding Plaintiffs and the FLSA Class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(h)     Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiffs;

(i)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiffs' compensation, hours, wages and any deductions or credits taken against wages;

(j)     Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiffs;

(k)     Awarding Plaintiffs damages for the amount of unpaid overtime compensation, and for any improper deductions or credits taken against wages as applicable

(l)     Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(m)     Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(n)     Awarding Plaintiffs and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(o)     Awarding Plaintiffs and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(p)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(q)     All such other and further relief as the Court deems just and proper.

## JURY DEMAND

 Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated: New York, New York
       May 25, 2018

                                        MICHAEL FAILLACE & ASSOCIATES, P.C.

                              By:        /s/ Michael Faillace
                                        Michael Faillace [MF-8436]
                                        60 East 42nd Street, Suite 4510
                                        New York, New York 10165
                                        Telephone: (212) 317-1200
                                        Facsimile: (212) 317-1620
                                        *Attorneys for Plaintiffs*

# MICHAEL FAILLACE & ASSOCIATES, P.C.

### Employment and Litigation Attorneys

One Grand Central Place
60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620
Email: Faillace@employmentcompliance.com

May 17, 2018

BY HAND

To: Clerk of Court,

   I hereby consent to join this lawsuit as a party plaintiff. (Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes).

Name / Nombre:                          Carol Merlos Melara

Legal Representative / Abogado:         Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                           May 17, 2018

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510                                          Telephone: (212) 317-1200
New York, New York 10165                                          Facsimile: (212) 317-1620

————

Faillace@employmentcompliance.com

May 17, 2018

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Christopher Castillo

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                            17 de mayo de 2018

*Certified as a minority-owned business in the State of New York*